**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY P. GIANNINOTO, | Civil Action No.: 16-4303 (CCC) |
| Appellant, | |
| v. | **OPINION & ORDER** |
| JOHN W. SYWILOK, *as trustee of the bankruptcy estate of James H. Gianninoto*, | |
| Appellee. | |

**CECCHI, District Judge.**

## I.   INTRODUCTION

This matter comes before the Court on the Application for Emergent Relief to Stay Sale Pending Appeal [ECF Nos. 3 & 4] filed by Appellant and Interested Party Wendy P. Gianninoto ("Mrs. Gianninoto"), by and through her attorney, James H. Gianninoto, Esq., who is also her husband and the Debtor in the Chapter 7 bankruptcy case underlying this matter ("Mr. Gianninoto," and collectively with Mrs. Gianninoto, the "Gianninotos"). On June 29, 2016, United States Bankruptcy Court Judge John K. Sherwood entered an Order pursuant to 11 U.S.C. § 363, authorizing the sale of the home and real property co-owned by the Gianninotos. Mrs. Gianninoto moved for reconsideration of Judge Sherwood's decision, which he denied on July 20, 2016. On July 14, 2016, Mrs. Gianninoto filed an appeal of Judge Sherwood's Order with this Court [ECF No. 1] and, on August 1, 2016, Mrs. Gianninoto filed the emergency petition at issue seeking immediate relief from this Court pursuant to Federal Rule of Bankruptcy Procedure 8005 [ECF Nos. 3-4]. Subsequent to the filing of this petition, Judge Sherwood held a trial in the adversary

proceeding between Mrs. Gianninoto and Interested Party JPMorgan Chase Bank, N.A. ("Chase"). Judge Sherwood entered a judgment in that matter on August 15, 2016. This Court heard oral argument on the instant motion on August 16, 2016. After oral argument, the parties submitted supplemental briefing. [ECF Nos. 15-22.] The Court held a teleconference with the parties on August 17, 2016. After full consideration of the parties' submissions and the positions presented during oral argument and the subsequent teleconference, Mrs. Gianninoto's motion to stay sale pending appeal is denied.

## II. BACKGROUND

The Gianninotos own a home, as tenants by the entirety, located at 19 Glenwood Road, Upper Saddle River, New Jersey 07458 (the "Saddle River Property"). [Certification of Wendy P. Gianninoto in Support of Her Application for Emergent Relief to Stay the Order Entered by the Bankruptcy Court Allowing the Sale of Her Home and Property Co-Owned With the Debtor On Short Notice Pending Appeal ("Wendy Cert."), ECF No. 3-1 ¶ 1.] In 2007, Mr. Gianninoto refinanced the mortgage on the home by obtaining a loan from Washington Mutual Bank, FA ("WaMu"), to which Chase was the successor. [Id. ¶¶ 9-10.] Mr. Gianninoto alone executed the note, but both Mr. and Mrs. Gianninoto executed the mortgage. [Id. ¶ 10.] WaMu never recorded the mortgage. [Id. ¶¶ 9, 11.]

On December 29, 2014, Mr. Gianninoto filed a Chapter 7 bankruptcy petition and, on December 30, 2014, John W. Sywilok was appointed as the Chapter 7 Trustee (the "Trustee"). On February 17, 2015, the Trustee filed an adversary proceeding against the Internal Revenue Service, the State of New Jersey, Chase, and Mrs. Gianninoto. [Id. ¶ 15.] As part of the adversary proceeding, the Trustee sought (1) to sell the Saddle River Property; and (2) to avoid the unrecorded mortgage against Mr. Gianninoto's 50 percent interest in the Saddle River Property.

2

Judge Sherwood granted the Trustee's motion to avoid the unrecorded mortgage, essentially holding the mortgage cannot be enforced against the estate's interest in the Saddle River Property. [Id. ¶ 20.] Chase, however, in an adversary proceeding, still sought to enforce the mortgage against Mrs. Gianninoto's 50 percent interest in the Saddle River Property. Mrs. Gianninoto argued Chase could not enforce the mortgage against her interest in the Saddle River Property because the mortgage was induced by fraud and therefore is void and unenforceable. Mrs. Gianninoto also argued Chase had not demonstrated it was the holder of the mortgage.

The Trustee is not a party to the adversary proceeding between Mrs. Gianninoto and Chase, but has been proceeding with efforts to sell the Saddle River Property. On March 29, 2016, Judge Sherwood granted the Trustee's application to retain Edith Josephson as a realtor to market and sell the Saddle River Property. [Id. ¶ 23.] Mrs. Gianninoto opposed that application because she was trying to raise financing to exercise her statutory right of first refusal and buy out Mr. Gianninoto's interest in the Saddle River Property from the estate. [Id.] Mrs. Gianninoto claims she was unable to raise financing because lenders insisted her issues with Chase first be resolved. [Id.] On April 4, 2016, the Trustee entered into a contract for sale of the Saddle River Property, which was contingent on the Bankruptcy Court's approval. The Trustee then filed a motion for partial summary judgment seeking court approval for the sale of the Saddle River Property.

Judge Sherwood granted summary judgment and approved the sale of the Saddle River Property on June 28, 2016 (the "Sale Order"). The Sale Order set a closing date of August 12, 2016, and required Mrs. Gianninoto to exercise her statutory right of first refusal "in cash" by August 10, 2016. Mrs. Gianninoto moved for reconsideration of the Sale Order, which Judge Sherwood denied on July 20, 2016. At that time, Judge Sherwood ordered the Trustee to "make a good faith effort to extend the closing of the sale of the [Saddle River Property] to the week of

3

August 29, 2016." The Trustee notified this Court on August 5, 2016 the buyer agreed to extend the closing to August 25, 2016. [ECF No. 5.] Upon further request from this Court, the buyer indicated a closing date of September 27, 2016 would be acceptable.

On August 3 and 4, 2016, Judge Sherwood conducted a trial addressing the claims and defenses of Mrs. Gianninoto and Chase concerning their competing interests in 50 percent of the Saddle River Property. On August 15, 2016, Judge Sherwood entered judgment in favor of Chase, finding Chase can enforce its mortgage against Mrs. Gianninoto's 50 percent interest in the Saddle River Property.

On July 14, 2016, Mrs. Gianninoto filed an appeal of Judge Sherwood's Sale Order with this Court [ECF No. 1] and, on August 1, 2016, Mrs. Gianninoto filed the emergency petition at issue seeking a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005 [ECF Nos. 3-4]. On August 10, 2016, the Court stayed the Sale Order pending oral argument. [ECF No. 10.] This Court heard oral argument on the instant motion on August 16, 2016, and extended the right of first refusal to the closing date of August 25, 2016. After oral argument, the Court held a teleconference with the parties on August 17, 2016. After the teleconference, the parties submitted supplemental briefing. [ECF Nos. 15-22.]

### III.  **LEGAL STANDARD**

Federal Rule of Bankruptcy Procedure 8007 allows a party aggrieved by an order of the bankruptcy court to seek a stay pending appeal. Fed. R. Bankr. P. 8007. To determine whether to grant a stay pending appeal, courts consider four factors: "(1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." In re Revel AC, Inc., 802 F.3d 558, 565

(3d Cir. 2015) (citing Republic of Phil. v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991)). The most critical factors, however, are the first two. See id. at 568.

## IV. DISCUSSION

### A. Likelihood of Success on the Merits

Mrs. Gianninoto has not sufficiently demonstrated she is likely to succeed on the merits. Mrs. Gianninoto makes four primary arguments in support of her contention the Sale Order should be reversed. First, Mrs. Gianninoto argues allowing the Sale Order to proceed without first resolving her issues with Chase violates her Fifth Amendment rights not to be deprived of her property without due process of law and without payment of just compensation. Specifically, Mrs. Gianninoto argues she is unable to arrange for financing to exercise her statutory right of first refusal until all of her issues with Chase are resolved.

Mrs. Gianninoto has been afforded every opportunity to litigate her issues with both the Trustee and Chase. In the Chase litigation, the Bankruptcy Court entered judgment on August 15, 2016 in favor of Chase, finding Chase can enforce its mortgage against Mrs. Gianninoto's 50 percent interest in the Saddle River Property. To the extent Mrs. Gianninoto's argument relates to the Sale Order being entered before the litigation between her and Chase was concluded, that issue is now moot. Mrs. Gianninoto was afforded a full trial to present her case and Judge Sherwood ruled against her prior to the previously agreed-upon closing date of August 25, 2016.[2]

Second, Mrs. Gianninoto argues Judge Sherwood failed to view facts in the light most favorable to Mrs. Gianninoto and relied on facts outside the summary judgment motion record.

---

[2] At this time, Mrs. Gianninoto has not appealed the trial judgment entered by Judge Sherwood on August 15, 2016.

5

Specifically, Mrs. Gianninoto argues—based on a letter filed by the Gianninotos' local real estate broker—the fair market value of the house was too low. The home is being sold for $679,000. Mrs. Gianninoto argues the current market value of the home is $740-765,000. Judge Sherwood, however, found the sale price was adequate. Judge Sherwood stated during the hearing on Mrs. Gianninoto's motion for reconsideration: "I have no reason to believe that the Trustee was not motivated to get top dollar." [July 19, 2016 Transcript of Hearing Before the Honorable John K. Sherwood ("Second Tr.") at 43.] Judge Sherwood also stated: "I have no reason to believe that the broker was not motivated to get top dollar." [Id.] A district court reviews the Bankruptcy Court's factual findings for clear error. In re Prof'l Ins. Mgmt., 285 F.3d 268, 282 (3d Cir. 2002). Judge Sherwood's determination that the consideration was adequate is not clearly erroneous. Moreover, courts have held "[f]air and valuable consideration is given in a bankruptcy sale when the purchaser pays 75% of the appraised value of the assets." In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 149 (3d Cir. 1986) (quoting In re Indus. Mach. Corp., 572 F.2d 1195, 1197 n.1 (7th Cir. 1978)). Even assuming the fair market value of the home was $765,000, fair and valuable consideration is given as long as the purchaser paid 75% of that price, which is $573,750. Here, the purchaser is paying $679,000 for the Saddle River Property. This is more than 75% of $765,000. Therefore, the sale price is adequate.

Third, Mrs. Gianninoto argues the Bankruptcy Court failed to make findings of fact required by 11 U.S.C § 363(h) and Federal Rule of Bankruptcy Procedure 7052. Section 363(h) states:

> The trustee may sell both the estate's interest . . . and the interest of any co-owner in the property in which the debtor had, at the time of the commencement of the [bankruptcy] case, an undivided interest as . . . tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is

6

> impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefits to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). Federal Rule of Bankruptcy Procedure 7052 makes Federal Rule of Civil Procedure 52 applicable in adversary proceedings. Fed. R. Bankr. P. 7052. Federal Rule of Civil Procedure 52 requires, in an action tried on the facts without a jury, the court to make findings of fact and conclusions of law. See Fed. R. Civ. P. 52(a). Mrs. Gianninoto's argument is without merit because Judge Sherwood made findings of fact with respect to each of the § 363(h) factors. With respect to the first factor, Judge Sherwood found partition in kind is impracticable because the Saddle River Property is a single family residence. [First. Tr. at 68]; In re Zeigler, 320 B.R. 362, 382-83 (Bankr. N.D. Ill. 2005) ("Where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds.").

With respect to the second factor, Judge Sherwood found the sale of the estate's undivided interest in the single family residence would realize significantly less for the estate than a sale of the entire property free and clear of Mrs. Gianninoto's interest. [June 27, 2016 Transcript of Hearing Before the Honorable John K. Sherwood ("First Tr.") at 68]; Ziegler, 320 B.R. at 383 ("It is generally accepted that the sale of a bankruptcy estate's undivided interest will generate substantially less than the sale of the property free of each owner's interest because of the chilling effect that the sale of the undivided interest usually has on prospective purchasers of the property, especially when the co-owners can continue to live on the property.").

7

With respect to the third factor, Judge Sherwood found the benefit of the sale, resulting in a substantial distribution to creditors, outweighed the detriment to the Gianninotos. [First Tr. 69-73.] Judge Sherwood found, by selling the Saddle River Property, over $300,000 will be available for the payment of creditor claims and administrative expenses and thus, there was a definite benefit in the sale. [Id. at 70.] With regard to the detriment to the Gianninotos, Judge Sherwood considered the economic and non-economic detriments to the Gianninotos in selling the Saddle River Property and found that the benefit of the sale outweighed the detriment to the Gianninotos. [Id. at 70-73.]

Judge Sherwood found the fourth factor was not relevant because there is no dispute the Saddle River Property is not used in the production, transmission, or distribution for sale of electronic energy or gas for heat, light, or power. [Id. at 69.]

Finally, Mrs. Gianninoto argues Judge Sherwood failed to properly consider and weigh economic and non-economic detriments that selling the Saddle River Property would have on Mrs. Gianninoto in its examination of § 363(h)(3). This claim is without merit. In analyzing § 363(h)(3), Judge Sherwood noted Mrs. Gianninoto has been living in the home for twenty-three years, raised her family there, and does not want to be homeless. [First Tr. at 70.] Judge Sherwood also noted Mrs. Gianninoto's interest in her share of the property may be subject to Chase's claim of over $1,000,000.[3] [First Tr. at 71-72.] And Judge Sherwood noted that the household income of the Gianninotos is above the median household income for New Jersey and, therefore, the Gianninotos should have money to put a down payment on a lease and should not end up homeless.

---

[3] As discussed above, this issue was resolved and Mrs. Gianninoto's interest in the Saddle River Property is subject to Chase's claim of over $1,000,000.

8

[First Tr. at 72-73.] For all of these reasons, Mrs. Gianninoto has not made a strong showing of likelihood of success on the merits.

### B. Irreparable Harm

Mrs. Gianninoto will not suffer irreparable harm absent a stay. The Trustee filed a motion to sell the Saddle River Property on April 7, 2016, which was granted on June 28, 2016. The Gianninotos have not made any mortgage payments since the bankruptcy case was filed on December 29, 2014. The Gianninotos have not been paying taxes or insurance of debt service since the bankruptcy case was filed. [First Tr. at 66.] The Gianninotos have not being paying rent either. [Id. at 66-67.]

While the Court is sympathetic to the fact that it is not easy to lose a home, Mrs. Gianninoto has had sufficient time to find alternative housing. In addition, Mrs. Gianninoto's rights have been fully explored and protected by both this Court and the Bankruptcy Court. The Bankruptcy Court dealt with this issue at least twice. This Court engaged in both an in-person and telephonic conference in an effort to address this issue.

Moreover, at the oral argument held on August 16, 2016 before this Court, Mrs. Gianninoto stated she has applied only for two rental apartments. [August 16, 2016 Transcript of Hearing Before the Honorable Claire C. Cecchi ("Third Tr.") at 90.] As such, this Court is not persuaded by Mrs. Gianninoto's argument that "because of the Debtor's poor credit due to the bankruptcy and her comparatively small income, landlords and their screening agencies have consistently rejected them as prospective rental tenants." [Memorandum of Law of Appellant Wendy P. Gianninoto in Support of her Application for Emergent Relief to Stay Order for Sale of her Home and Property Pending Appeal ("App't Br."), ECF No. 3-6 at 7.] Accordingly, the Court does not find that Mrs. Gianninoto will suffer irreparable harm absent a stay.

### C. Balance of Interests

Granting of a stay would substantially harm the other parties with an interest in the litigation, including the Trustee, the buyer of the Saddle River Property, and Chase.

The contract for the sale of the Saddle River Property was entered into on April 4, 2016 and was contingent on the Bankruptcy Court's approval. On June 28, 2016, the Bankruptcy Court approved the sale but ordered the sale not close prior to August 12, 2016. The buyer agreed to extend the closing date to August 25, 2016 to accommodate the Gianninotos' moving plans. [ECF No. 5-2.] After further discussion, the buyer indicated that a closing date of September 27, 2016 was satisfactory. A stay past that date would leave the parties to the sale contract uncertain of when, if ever, they would be able to exercise their contractual rights.

Mr. Gianninoto had no meaningful assets at the time he filed his Chapter 7 petition—other than his 50 percent interest in the Saddle River Property. Accordingly, until the Trustee is able to complete the sale of the Saddle River Property, the estate is unable to pay any creditors of the estate, or the Trustee's commission for the work he has done since the bankruptcy case was filed in 2014, or the Trustee's counsel for attorneys' fees and costs that have accrued during that same period of time.

Finally, as Judge Sherwood determined, the amount owed to Chase in connection with its mortgage lien is over $1,000,000. Chase already stands to take a large loss on this loan, as Mrs. Gianninoto's interest in the Saddle River Property is only $339,500. Interest on the loan is currently accruing at a daily rate of $87.57, which is a sum that is added to Chase's loss each day. Chase will clearly suffer if the stay is granted. Accordingly, the Court finds granting a stay would substantially harm the other parties with an interest in the litigation.

### D. Public Interest

Finally, the Court does not find granting a stay is in the public interest. As the party requesting a stay pending appeal, Mrs. Gianninoto bears the burden of demonstrating a legitimate and compelling public interest in support of a stay. In re Am. Land Acquisition Corp., No. 12-76440, 2013 WL 2481534, at *10 (Bankr. E.D.N.Y. June 10, 2013) (citing In re Taub, 470 B.R. 273, 277 (E.D.N.Y. 2012) (citation omitted)).

The Bankruptcy Code favors Bankruptcy-Court-supervised sales. Both Judge Sherwood and this Court have worked extensively with the Gianninotos to provide for a later date for the closing to take place so the Gianninotos have sufficient time to find alternative accommodations. The closing date was originally set for August 12, 2016. Due to Judge Sherwood's efforts, the closing date was moved to August 25, 2016. Then, after this Court became involved, the closing date was moved to September 27, 2016. A lot of time has passed. It is now time for the Bankruptcy Court's Sale Order to be enforced. See In re Taggart, Bankruptcy No. 10-27479, 2013 WL 392452, at *3 (Bankr. D.N.J. Jan. 31, 2013) ("Equity generally does not help those who could have helped themselves and chose not to act.").

### V. CONCLUSION

For the reasons above, the Court denies Mrs. Gianninoto's application for a stay pending appeal of the Bankruptcy Court's Sale Order.

Accordingly,

**IT IS** on this 23 day of **August, 2016**,

**ORDERED THAT:**

1. Mrs. Gianninoto's motion for a stay pending appeal of the bankruptcy court order [ECF No. 4] is DENIED.

11

2. The Sale shall not close until September 27, 2016. Mrs. Gianninoto may exercise her right of first refusal through that date.

3. The Gianninotos are directed to vacate their residence in broom-clean condition by September 27, 2016.

4. Within ten (10) days of the date of this Order, the Gianninotos shall post with the Court a sum of $3,300, by check, representing $100 per day for the period from August 25, 2016 through September 27, 2016.

5. To the extent the Gianninotos vacate the residence prior to September 27, 2016, they may make an application to the Court for return of the unused sum.

6. After the Gianninotos vacate the premises, the Trustee and/or Chase may make an application to the Court for disbursement against the $3,300 payment.

7. To the extent the Gianninotos fail to vacate the residence in broom-clean condition by September 27, 2016, the Trustee and/or Chase may make an application to the Court for costs.

8. The Trustee shall serve notice of the entry of this Order upon the Gianninotos, the United States Trustee, and any other party who entered an appearance in this matter.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**